## Appleton, et al. v. Appleton, et al.

(Decided October 17, 1919.)

### Appeal from Fayette Circuit Court.

1. Wills—Construction—Intention of Testator.—The chief rule governing the courts in the interpretation of wills is to ascertain and apply the intention of the testator as gathered from all parts of the will.

2. Wills—Construction.—Where a testator made a devise to his grandson, and also one to his daughter-in-law, the mother of the grandson, and provided that the daughter-in-law might dispose by will of the devise given to her, but if not that the grandson should receive upon her death a portion of it, and by another clause authorized the appointed trustee to pay to the grandson one-half of the trust fund going to him when he arrived at the age of twenty-five years to enable him to go in business, and when so paid that the trustee would be discharged and the sum paid relieved from the trust. Held, that the court properly adjudged that the trustee, if it saw proper to do so, could pay to the son one-half of the amount he obtained in the testator's property from the devise to his mother, she having died without exercising the power conferred upon her in the will.

EDWIN D. CASEY for appellants.

CHESTER D. ADAMS, ALLEN & DUNCAN and SHELBY, NORTHCUTT & SHELBY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, J. W. Appleton, is tne grandson of John W. Appleton, who died testate and a resident of Fayette county in 1910. After providing for his funeral expenses and debts, and giving some specific directions in his will, the testator devised his property in trust for the benefit of certain named devisees and appointed the appellee and defendant below, Security Trust Company, executor of his will and trustee therein. The will is quite lengthy, so much so that we will not attempt to insert it in this opinion, but will state only the substance of those portions of it relating to the question involved.

The plaintiff, J. W. Appleton, had one brother and one sister, who were children of Henry W. Appleton, the testator's son, but who was dead at the time of the mak-

ing of the will, and who left surviving him his widow, Susie Appleton, and her children named above.

In the fourth clause of the will Susie Appleton was devised $30,000.00, and plaintiff and his brother and sister were each devised $9,000.00. In the sixth clause of the will it was provided that the sum devised to his daughter-in-law, Susie Appleton, after her death and the devises to her children, should be held in trust by the named trustee for the use and benefit of the devisees during their respective lives, and at their deaths to their issue, if any, but if none, to the surviving brothers and sisters, if any; but if none, to their issue, and if no issue, to the heirs at law of the testator. By the ninth clause of the will it was provided that at the death of Susie Appleton the $30,000.00 devised to her should be equally divided between her then living children, or the issue of any who might be dead. The tenth clause empowered Susie Appleton to dispose, by will, of the $30,000.00 devised to her to her children, or the issue of any who might be dead, but provided that it should be in trust for the benefit of the donees of the power. The eleventh clause authorized the trustee to pay to any of the grandsons of the testator, after they shall have arrived at the age of 25 years, a sum not exceeding one-half of the trust fund provided for him, to enable such grandson to go into business if he so desired, but this authority was not obligatory upon the trustee, and in case it was exercised the fund so paid over would be relieved of the trust and the trustee fully discharged.

It is alleged in the petition that plaintiff was past 25 years of age; that he had entered into business and was succeeding therein; that his mother was dead and that she had failed to exercise the power to dispose by will of the $30,000.00 devised to her, and asked: "That the court construe the will of John W. Appleton and that it be adjudged that under said will the Security Trust Company is authorized in its decretion to pay the plaintiff one-half of the entire trust fund including one-half of the amount which descended to plaintiff at the death of his mother." Upon final submission it was adjudged that "the Security Trust Company, trustee under the will of John W. Appleton, deceased, has the right in its discretion to make an advancement to the plaintiff, John W. Appleton, to the extent of one-half of the entire fund held by said trus-

tee for said plaintiff," and from that judgment the infant defendants whose interests are contingent under the will of John W. Appleton, by their guardian *ad litem*, prosecute this appeal.

The first and chief rule which must be looked to by the courts in the interpretation of wills is the one requiring the intention of the testator as gathered from the entire will to prevail. This rule is fundamental, and is recognized by all authorities and adjudged cases. It is seldom that a will is expressed in language as plain as that employed by the testator in this case. There is absolutely no room for two opinions. Nothing in the will is confusing, and what the testator meant is clearly pointed out in plain and unambiguous terms. That the trustee was authorized in its discretion to pay to any of the grandsons of the testator one-half of the portion which he would inherit from his mother upon her death, without her having exercised the power conferred upon her in the will, is made plain by clause six of the will, which refers to the trust fund created for the benefit of such grandchild as including "whatever may come to them in remainder or otherwise under this will." Clause eleven authorized the trustee to pay to the grandson one-half of such trust fund, which of course includes his portion of the amount devised to his mother, and to the income to which he was entitled at her death, provided she did not dispose of it by will. Under these circumstances there is no escape from the conclusion that the court in its judgment properly construed the will so as to authorize the trustee to pay to plaintiff one-half the portion to which he was entitled upon his mother's death, if it saw proper to do so.

Wherefore, the judgment is affirmed.